UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JERYCO KENT CHIZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:25-cv-314 |
| | ) | |
| CITY OF GALVESTON, TEXAS, | ) | |
| GALVESTON COUNTY, TEXAS, | ) | |
| | ) | |
| JOHN DOES 1–10 (individually and in their official capacities), | ) ) | |
| | ) | |
| Andy J. "A.J." Kessler (individually and in his official capacities), | ) ) | |
| | ) | |
| Andrew Mejia (individually and in his official capacities), | ) ) | |
| | ) | |
| Gabriel Garza (individually and in his official capacities), | ) ) | |
| | ) | |
| Marc M. Healy (individually and in his official capacities), | ) ) | |
| | ) | |
| Lee E. Prevost (individually and in his official capacities), | ) ) | |
| | ) | |
| Rylan J. Watkins/R. (individually and in his official capacities), | ) ) | |
| | ) | |
| Defendant Henry Trochesset (individually and in his official capacities), | ) ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff John Doe (Jeryco Chizer) (pseudonym used for confidentiality), by and through his undersigned counsel, complaining of Defendants, and respectfully alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Plaintiff was subjected to unlawful detention, unlawful arrest, and multiple instances of excessive force without justification. Plaintiff was beaten, tased repeatedly, and denied necessary medical care. Following this abuse, Plaintiff was released from custody with no valid charges, despite internal indications that material facts in the associated police reports were fabricated.

3. Plaintiff seeks actual and punitive damages, attorneys' fees, costs, and all other relief to which he is justly entitled.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States.

5. Venue is proper under 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred in Galveston County, Texas.

## III. PARTIES

6. Plaintiff JERYCO CHIZER is an individual residing in the State of Texas. At all times relevant to the allegations of this complaint was a resident of Hardin County and a citizen of the United States.

7. Defendant CITY OF GALVESTON is and was at all relevant times a municipal corporation and may be served through its City Attorney or Mayor.

8. Defendant GALVESTON COUNTY is and was at all relevant times a governmental entity and may be served through the County Judge or County Attorney.

9. Defendants JOHN DOES 1–10 are unknown individual officers and/or jail staff at all relevant times employed by the City of Galveston and/or Galveston County. These individuals participated in or failed to intervene in the unlawful acts described herein. Their names and identities will be added once discovery reveals them. At all relevant times they were acting in such capacity as the agent, servant, and employee of defendant(s) City of Galveston and/or Galveston County. They are sued individually and in his official capacity.

10. Defendant Andy J. "A.J." Kessler was at all relevant times employed by Galveston County or the City of Galveston. At all relevant times he was acting in such capacity as the agent,

servant, and employee of defendant Galveston County and or the City of Galveston. He is sued individually and in his official capacity.

11. Defendant Andrew Mejia was at all relevant times employed by Galveston County or the City of Galveston. At all relevant times he was acting in such capacity as the agent, servant, and employee of defendant Galveston County and or the City of Galveston. He is sued individually and in his official capacity.

12. Defendant Gabriel Garza was at all relevant times employed by Galveston County or the City of Galveston. At all relevant times he was acting in such capacity as the agent, servant, and employee of defendant Galveston County and or the City of Galveston. He is sued individually and in his official capacity.

13. Defendant Marc M. Healy was at all relevant times employed by Galveston County or the City of Galveston. At all relevant times he was acting in such capacity as the agent, servant, and employee of defendant Galveston County and or the City of Galveston. He is sued individually and in his official capacity.

14. Defendant Lee E. Prevost was at all relevant times employed by Galveston County or the City of Galveston. At all relevant times he was acting in such capacity as the agent, servant, and employee of defendant Galveston County and or the City of Galveston. He is sued individually and in his official capacity.

15. Defendant Rylan J. Watkins/R. Watkins was at all relevant times employed by Galveston County or the City of Galveston. At all relevant times he was acting in such capacity as the agent, servant, and employee of defendant Galveston County and or the City of Galveston. He is sued individually and in his official capacity.

16. Defendant Henry Trochesset was at all relevant times employed by Galveston County or the City of Galveston. At all relevant times he was acting in such capacity as the agent, servant, and employee of defendant Galveston County and or the City of Galveston. He is sued individually and in his official capacity.

## IV. FACTUAL ALLEGATIONS

17. On or about November 5, 2023, Plaintiff and his spouse were returning to their lawful temporary residence near the beach in Galveston, Texas. They had been escorted through a restricted area by a uniformed law enforcement officer after a nearby shooting.

18. The escorting officer left abruptly, and Plaintiff was immediately confronted by other law enforcement officers who began shouting commands. Despite calmly explaining the situation, Plaintiff was forcibly taken to the ground by multiple officers and tased repeatedly.

19. Plaintiff was not resisting, not aggressive, and made no threatening movements. He was subsequently handcuffed, compliant, and yet continued to be subjected to repeated tasing and physical abuse.

20. Officers dragged Plaintiff to a law enforcement staging area, where—once out of public view—he was again violently assaulted without provocation. This resulted in serious injuries, including a torn tricep, fractured leg, torn diaphragm, and other trauma.

21. During his detention at the jail, Plaintiff received no medical attention. He was ultimately released some time after arrival, and told to find his own way to the hospital, where he required emergency surgery.

22. After requesting public records, Plaintiff discovered discrepancies between official reports and available video evidence. At least one report appears to have been authored by an individual who, according to information provided by department officials, may not have been present at the time of the events in question.

23. Additional records exhibit inconsistencies and signs of possible retroactive alterations or fabrication. The identities of all officers involved have not been fully disclosed, and at least one known officer (but what seems to be most officers) failed to activate or preserve video footage.

24. Upon information and belief, the law enforcement officers who participated in the events giving rise to this action were employees, agents, or contractors of the Galveston Police Department and/or the Galveston County Sheriff's Office, and were acting under color of law and pursuant to policies, customs, or directives issued by one or both entities. Discovery will clarify the chain of command, specific agency involvement, and jurisdictional authority during the events at issue.

25. On information and belief, the abuse to which plaintiff was subjected was consistent with an institutionalized practice of the Galveston Police Department and/or Galveston Sherriff's Office, which was known to and ratified by the City of Galveston and the County of Galveston, the defendants having at no time taken any effective action to prevent law enforcement personnel from continuing to engage in such misconduct.

26. On information and belief, defendants the City of Galveston and/or the County of Galveston had prior notice of the vicious propensities of defendant law enforcement officers, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority. The failure to properly train defendant law enforcement officers included the failure to instruct them in applicable provisions of the Texas State Penal Law and with proper and prudent use of force.

27. On information and belief, defendants the City of Galveston and/or the County of Galveston authorized, tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by:

    a. Failing to properly discipline, restrict, and control employees, including defendant law enforcement officers, known to be irresponsible in their dealings with citizens of the community;

   b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendant law enforcement officers;

   c. Failing to forward to the office of the District Attorney of Galveston County evidence of criminal acts committed by police personnel;

   d. Failing to establish and/or assure the functioning of a *bona fide* and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to such complaints with bureaucratic power and official denials calculated to mislead the public. This conduct also constitutes gross negligence under state law.

28. As a consequence of the abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## V. CAUSES OF ACTION

29. The allegations set forth above are incorporated herein by reference.

30. The hereinabove described actions and omissions, engaged in under color of state authority by the defendants, including defendants County and City, which are responsible because of their authorization, condonation, and ratification thereof for the acts of their agents, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of his person, his fifth and fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, his fourteenth amendment right to medical care, and his eighth amendment right to be free from cruel and unusual punishment.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a. Actual damages in an amount to be proven at trial;

b. Punitive damages against individual Defendants;

c. Pre- and post-judgment interest as allowed by law;

d. Attorneys' fees and costs under 42 U.S.C. § 1988;

e. Such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Law Office of Jonathan Vernon, PLLC

By: /s/: Jonathan Vernon
Jonathan Vernon
Attorney-in-Charge
Texas Bar No. 24075219
Southern District of Texas Bar No. 3923151
Email: jonathan@jvernonlaw.com
681 Park Street
Beaumont, TX 77701
Tel. (409) 727-4847
Fax. (409) 727-4867
Attorney for Plaintiff
Jeryco Kent Chizer